UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:16CV-P148-TBR

**KYLE K.B. WRIGHT**                                                                              **PLAINTIFF**

v.

**JOHN NEECE** *et al*.                                                                           **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Kyle K.B. Wright filed a *pro se* action pursuant to 42 U.S.C. § 1983 (DN 1). At the time he filed the complaint, he listed his address as the Kentucky State Penitentiary (KSP). By Order (DN 7) entered October 18, 2016, the Court granted Plaintiff's motion to proceed *in forma pauperis*. Because Plaintiff is a prisoner seeking redress from governmental actors, the Court was preparing to perform an initial review of the complaint pursuant to 28 U.S.C. § 1915A. Review of the Court's records, however, reveals that a separate action filed by Plaintiff, *Wright v. Ford*, 5:16CV-P151-TBR, was dismissed by this Court on February 23, 2017, for failure to prosecute. The Court found that a mailing sent to Plaintiff in that case was returned by the United States Postal Service marked "Return to Sender, Insufficient Address, Unable to Forward." Because Plaintiff was no longer housed at his address of record in that case, neither notices from the Court nor filings by Defendants could be served on Plaintiff, and the Court therefore dismissed the action without prejudice.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme

Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

The Court takes judicial notice of the fact that the U.S. Postal Service recently returned mail sent to Plaintiff at KSP, his address of record in the instant action, as undeliverable in Plaintiff's other case. Because Plaintiff has failed to provide a notice of an address change in this action, neither orders from this Court nor filings by Defendants can be served on him. The Court taking any further action in the instant case, therefore, would be an act of futility and a waste of judicial resources. For these reasons, the Court concludes that dismissal without prejudice is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."); *Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2017 U.S. Dist. LEXIS 15392, at *2 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
      Defendants
4413.010